# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TROY WILLIAMS,

      Petitioner,

v.                                     Case No. 5:17-cv-309-Oc-02PRL

SECRETARY, Department of Corrections,
and FLORIDA ATTORNEY GENERAL,

      Respondents.
_____/

## ORDER

On July 5, 2017, the Court received Petitioner Williams's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Dkt. 1. He seeks relief from a 2012 Florida state court conviction. *Id.* at 1. Respondents have filed a response in opposition, Dkt. 11, and Petitioner has filed a reply, Dkt. 13. The Court finds that no hearing is necessary and DENIES the petition.

## BACKGROUND

On August 21, 2012, a jury in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, found Petitioner guilty of one count of lewd and lascivious conduct and one count of lewd and lascivious battery on a child. Dkt.

12-2 at 8; *see also* Dkt. 12-1 at 127. Petitioner was sentenced to incarceration of seven and a half years, and ten years of probation. Dkt. 12-2 at 1, 11-12.[1]

Through counsel, Petitioner moved for a judgment of acquittal and arrest of judgment that was denied. Dkt. 12-1 at 133. He argued that there was no evidence presented as to the venue or dates for the lewd and lascivious conduct. This was also the sole issue raised in his appeal. Dkt. 12-5 at 44. The District Court of Appeal for the Fifth District of Florida (5th DCA) per curiam affirmed the judgment. Dkt. 12-5 at 62.

Petitioner then filed a pro se habeas petition in the Fifth DCA alleging ineffective assistance of appellate counsel. Dkt. 12-5 at 65-76. The Fifth DCA denied the petition, Dkt. 12-5 at 106, and subsequent motion for rehearing, *id.* at 114. Petitioner next filed a pro se 3.850 motion for postconviction relief in the circuit court, raising eight grounds for ineffective assistance of trial counsel. Dkt. 12-5 at 132-52. The postconviction court denied some of the grounds and ordered the State to respond to the remaining grounds. Dkt. 12-5 at 165. The court held an

---

[1] It appears that Petitioner has since been released from the custody of the Florida Department of Corrections. Dkt. 16. This does not moot the habeas petition. *See, e.g.*, *Pollard v. United States*, 352 U.S. 354, 358 (1957) (finding lawfulness of sentence was not moot because the "possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits"); *see also Spencer v. Kemna*, 523 U.S. 1, 9-12 (1998) (noting that the Supreme Court has presumed the effect of collateral consequences sufficient to create an Article III case or controversy in several situations, including where a convict who had already served his time challenges the imposed sentence).

evidentiary hearing on the remaining grounds (grounds II and VII here) before denying them. Dkt. 12-6 at 76.

Petitioner's counsel on the appeal of the 3.850 denial filed an *Anders* brief.[2] Dkt. 12-7 at 51. Petitioner filed a pro se brief for the appeal. Dkt. 12-7 at 66. The Fifth DCA per curiam affirmed. Dkt. 12-8 at 41-42. Petitioner then filed a pro se successive motion for postconviction relief raising two additional grounds for relief. Dkt. 12-8 at 46-51. The postconviction court denied the motion, finding it successive and procedurally barred. Dkt. 12-8 at 58. The Fifth DCA per curiam affirmed. Dkt. 12-8 at 94-95. Petitioner then timely filed the instant petition.

Petitioner raises ten grounds for relief, all premised on ineffective assistance of trial counsel: (1) counsel failed to challenge the police's warrantless arrest of Petitioner in a residence; (2) counsel did not object to the prosecution's use of recorded testimony of the victim's stepfather; (3) counsel did not investigate a possible exculpatory witness; (4) counsel did not move for a bill of particulars to narrow the timeframe of offending conduct; (5) counsel did not challenge the location or venue of an offending act; (6) counsel did not challenge the credibility of the victim; (7) counsel did not explore a possible ulterior motive of the victim or his stepfather; (8) counsel did not object to incomplete jury instructions; (9) counsel did not seek a preliminary hearing; and (10) cumulative error.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

## LEGAL STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA "establishes a highly deferential standard for reviewing state court judgments," *Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003) (citation omitted), that does not allow relief for a state court conviction on a claim "'that was adjudicated on the merits in the State court proceedings' unless the state court's decision was '(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'" *Nejad v. Attorney Gen., State of Ga.*, 830 F.3d 1280, 1288 (11th Cir. 2016) (quoting 28 U.S.C. § 2254(d)).

"Clearly established Federal law" means holdings of the U.S. Supreme Court "as of the time of the relevant state-court decision." *Id.* at 1288-89 (citation omitted). "Contrary to" requires a state court conclusion "opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 1289 (citations omitted) (alterations in original). The "unreasonable application" clause applies only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Id.* (citation omitted) (alterations in original).

A state court's factual determination, meanwhile, "is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Id.* (citation omitted). AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* (citation omitted). This is a "demanding but not insatiable standard, requiring proof that a claim is highly probable." *Id.* (citation and internal quotation marks omitted).

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). But in the habeas context, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (citation and internal quotation marks omitted). "If there is 'any reasonable argument that counsel satisfied *Strickland*'s deferential standard,' then a federal court may not disturb a

state-court decision denying the claim." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) (citation omitted).

## DISCUSSION

Respondents argue that claims one, eight, and ten are procedurally defaulted, and that Petitioner's ineffective assistance of counsel claims are without merit. The Court finds that a hearing is unnecessary, *see Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003), and will handle the issues in turn.

Claim I.     <u>Warrantless Arrest of Petitioner in a Residence</u>

Petitioner raised this claim in his second motion for postconviction relief, which the state court denied because it was successive and procedurally barred. Dkt. 12-8 at 58. The Fifth DCA per curiam affirmed. Dkt. 12-8 at 94-95. To avoid default of federal claims, (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner." *Upshaw v Singletary*, 70 F. 3d 576, 578-79 (11th Cir. 1995).

Because at this stage Petitioner is unable to present his claims to the state court, the grounds are procedurally defaulted. *See, e.g.*, *Crosby v. Crosby,* No. 502cv129OC10GRJ, 2005 WL 1126563, at * 2 n.15 (M.D. Fla. May 5, 2005) (citing *Tafero v. State,* 561 So.2d 557 (Fla. 1990) for proposition that "additional

6

claims of ineffective assistance of counsel cannot be raised in a successive motion for post conviction relief where ineffectiveness was raised and addressed in the first motion"); *Allen v. Sec'y, DOC*, No. 2:12-CV-644-FTM-29CM, 2016 WL 762648, at *5 (M.D. Fla. Feb. 24, 2016), *aff'd*, 767 F. App'x 786 (11th Cir. Apr. 3, 2019) ("Petitioner cannot return to state court to present this claim because Florida procedural rules preclude a second, untimely Rule 3.850 motion absent certain extenuating circumstances that are not present in this case."); *see also Frazier v. State,* 898 So.2d 1183, 1183-84 (Fla. 3d DCA 2005) (barring as successive claims that could have and should have been made in previous post-conviction motion).

"[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Alderman v. Zant*, 22 F. 3d 1541, 1549 (11th Cir. 1994) (citation omitted). "Cause exists if there was 'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.'" *Mize v. Hall,* 532 F.3d 1184, 1190 (11th Cir. 2008) (citation omitted). It is not enough that a prisoner is pro se. *Harmon v Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990). Actual prejudice requires Petitioner to show that there is at least a reasonable

probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

To establish cause, Petitioner states that he "was unaware of this serious constitutional rights violation until conducting research for the initial brief for the appeal of the first Rule 3.850 motion." Dkt. 13 at 2-3. He further emphasizes his lack of familiarity in the legal system. *Id.* at 3. This is insufficient. Nor can Petitioner establish prejudice because an unconstitutional arrest cannot plausibly affect the result of trial. For example, Plaintiff does not specify any evidence that could have been suppressed following any unconstitutional arrest.

Yet "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17-18 (2012). This exception applies only where (1) a state requires a prisoner to raise ineffective-trial-counsel claims at the initial-review stage of a state collateral proceeding and precludes those claims during direct appeal; (2) the prisoner did not comply with state rules and failed properly to raise ineffective-trial-counsel claims in his state initial-review collateral proceeding; (3) the prisoner did not have counsel (or his appointed counsel was ineffective by not raising

ineffective-trial-counsel claims) in that initial-review collateral proceeding; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a 'substantial' ineffective-trial-counsel claim. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014). "A defaulted claim is substantial if the resolution of its merits would be debatable among jurists of reason." *Duffy v. Sec'y, Dep't of Corr.*, 729 F. App'x 669, 670 (11th Cir. 2018) (citation omitted).

And although a defendant cannot typically raise ineffective assistance of trial counsel claims on direct appeal in Florida, *Rigg v. Warden, Blackwater River Corr. Facility*, 685 F. App'x 812, 815-16 (11th Cir. 2017) (citing *Reynolds v. State*, 99 So.3d 459, 474 (Fla. 2012)); *Ellerbee v. State,* 87 So.3d 730, 739 (Fla. 2012), Petitioner did raise a number of ineffective assistance of counsel claims in his state initial-review collateral proceeding. In any event, there is no indication on the record that not excusing the procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim. *Arthur*, 739 F.3d at 629.

Petitioner claims that when officers arrested Petitioner at his residence without a warrant, they had to first enter his yard through a closed perimeter fence. Dkt. 1 at 7. They entered "for the sole purpose of taking [Petitioner] into custody." *Id.* But it is not clear whether police actually entered Petitioner's dwelling when they arrested him, *see Moore v. Pederson*, 806 F.3d 1036, 1039 (11th Cir. 2015), and courts have upheld seemingly more intrusive conduct than opening a clasped

but unlocked fence, *see, e.g.*, *United States v. Holmes*, 143 F. Supp. 3d 1252, 1254 (M.D. Fla. 2015), *aff'd*, No. 17-15404, 2019 WL 2293167 (11th Cir. May 29, 2019) (finding no Fourth Amendment violation where police entered fenced property with "No Trespassing" sign and then unlocked screen door onto enclosed front porch).

Furthermore, though Plaintiff argues that his trial counsel "was negligent at protecting his rights guaranteed under the Fourth Amendment," *id.* at 8, Petitioner does not specify what trial counsel should have done. As mentioned above, Petitioner does not direct the Court to any illegally obtained evidence that could have been suppressed. *See Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000). And a Fourth Amendment violation during arrest does not by itself warrant habeas relief. *See McDougald v. Houston Cty. Sheriff's Office*, No. 1:16-CV-838-MHT, 2017 WL 3015886, at *1 (M.D. Ala. June 14, 2017), *report and recommendation adopted*, No. 1:16CV838-MHT, 2017 WL 3015810 (M.D. Ala. July 14, 2017) (collecting cases).

Petitioner does not establish cause or prejudice, and this is not a substantial claim.

Claim II.    <u>Use of Stepfather's Recorded Testimony at Trial</u>

Petitioner next claims that trial counsel was deficient for not objecting to the prosecution's use of recorded testimony of the stepfather of the victim. Petitioner

brought this claim in his first 3.850 motion, and the postconviction court held an evidentiary hearing on the issue.

In its order denying the motion, the postconviction court noted that, according to the State's motion to perpetuate the stepfather's testimony, the stepfather was on active duty in the military and was set to be deployed. Dkt. 12-6 at 78. The trial court granted the motion to perpetuate the testimony, and the testimony was perpetuated. *Id.* A week before trial the State notified the defense that the stepfather would be available to testify at trial, but, after discussing the matter with Defendant, trial counsel decided it would be in Defendant's best interest to play the recorded testimony. *Id.*

The postconviction court then noted counsel's evidentiary hearing testimony that "it was best to play the recorded testimony because [the witness's] perpetuated testimony was not as harmful as they had anticipated and there would be no surprises if the recorded testimony was played for the jury," and that, if called to testify at trial, the witness "would have had an advantage of being prepared for the questions he would be asked on cross-examination." *Id.* at 78-79. The postconviction court determined that this was a "reasonable trial strategy" and that trial counsel was not "ineffective." *Id.* at 79.

The Court cannot find that the postconviction court's determination was unreasonable. To the extent that the postconviction court rested its determination

solely on deficient performance, the Court finds de novo that Petitioner does not establish prejudice. *See Ferrell v. Hall*, 640 F.3d 1199, 1226 (11th Cir. 2011) (citations omitted). Indeed, though Petitioner complains in broad strokes about the practice of perpetuating testimony in general, he fails to demonstrate any adverse effects of the use of recorded testimony in this case. This vague and conclusory allegation is insufficient for relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Petitioner argues, for example, that the stepfather and the victim lived in the same home, and that the recording would give them "an opportunity to collaborate stories, etc., based off of the examination and cross-examination of the state witness taken in advance," notwithstanding invocation of the rule of sequestration. Dkt. 1 at 11. Petitioner also argues that between the time any testimony is recorded and trial, new evidence might be discovered that could adjust the strategy for cross-examination. Petitioner also suggests that perpetuating testimony "affords the prosecution an unfair advantage in the preparation of their case." And lastly, though the defense did have an opportunity to cross-examine the witness, Petitioner complains that the cross-examination was not as rigorous as it could have been at trial. *Id.* at 12.

But again, he does not substantiate his general complaints with the perpetuation of testimony with any concrete indication that the decision to accept

the perpetuated testimony was deficient or that he suffered prejudice.[3] This is especially so in light of the risks of live testimony that counsel had considered. The Court cannot find the postconviction court's determination unreasonable on this record.[4]

## Claim III.    Failure to Investigate Exculpatory Witness

Petitioner next claims that "[w]hile [Petitioner] was visiting the family residence, an exchange had taken place between [the victim] and [the victim's stepfather] over the matter of [the victim] attempting to climb into bed with an adult friend . . . that was temporarily residing with the [victim's] family as she slept on the couch in the family living room. This event evidently disturbed her so much that she had to inform [the stepfather]." Dkt. 1 at 16. Petitioner argues that this may establish an ulterior motive and impeach the credibility of the victim. *Id.* Trial counsel did not investigate the matter.

---

[3] The State's case did not rely solely on the stepfather's testimony that he had walked in on Petitioner holding the victim in the air in the bedroom, not in "your usual horsing around embrace." Dkt. 12-3 at 70. In addition to the victim's testimony, the State also presented evidence of a DNA sample recovered from the victim's boxer shorts.

[4] Petitioner also argues that defense counsel's decision to use the recorded his testimony, over his objection, effectively violated his Sixth Amendment right to cross-examination. This claim, which was also presented to the state courts as an ineffective assistance of counsel claim rather than a discrete confrontation clause claim, Dkt. 12-5 at 139-41; Dkt. 12-7 at 90-98; *see also* Dkt. 12-5 at 38-47, is likely defaulted. In any event, Petitioner sets forth no authority to support his argument. Petitioner was able to—and, through counsel, did—cross-examine the stepfather when the testimony was perpetuated. Dkt. 12-3 at 72-80. Additionally, Petitioner fails to cite authority stating that the decision to use perpetuated testimony over live—seemingly a trial management decision—is a fundamental one afforded to a defendant. *See McCoy v. Louisiana*, 138 S. Ct. 1500 (2018); *see also Boone v. Crews*, No. 4:11CV327-RH/CAS, 2014 WL 3349466, at *9 (N.D. Fla. July 8, 2014) (finding habeas relief unwarranted where trial counsel did not object to perpetuated testimony and defendant was absent from the deposition).

The postconviction court found no hearing necessary in determining that the claim was without merit. Dkt. 12-5 at 159. The court deemed it relevant that Petitioner acknowledged counsel had made the "strategic decision" not to investigate an incident that was not reported to authorities. Counsel further advised that the incident was irrelevant and inadmissible in the instant case. Petitioner also neglected to mention the possible witness when the trial court asked him at trial, "While we are sitting here . . . is there anything else in this case that you want you[r] lawyers to do for you or call any other witnesses, anything else you want them to do at this time?" *Id.*

The postconviction court was not unreasonable in finding that trial counsel was not deficient under *Strickland. See Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). The connection of the alleged incident to Petitioner—and its basis for any ulterior motive to fabricate testimony—is unclear from the record.[5] Insofar as the postconviction court did not reach the question of

---

[5] In a later ground, Petitioner suggests that "it is plausible that [the victim] made these allegations to possibly reduce or escape harsh punishment that was pending as a result of his attempted misconduct with [the adult friend]." Dkt. 1 at 34. Such vague speculation does not render the postconviction court's determination unreasonable.

prejudice, the Court finds de novo that there is no reasonable probability the result would have been different had trial counsel investigated the matter.

Claim IV.   Statement of Particulars to Narrow the Timeframe

Petitioner complains that the date ranges for the conduct charged (February 13, 2008 to November 19, 2009 for the lewd and lascivious conduct and June 1, 2009 to November 19, 2009 for lewd and lascivious battery) were long enough to deprive him an opportunity to prepare his defense, "including establishing a potential alibi or witness." Dkt. 1 at 20. Trial counsel did not move for a bill of particulars.

The postconviction court seems to have rested its denial of the claim on the absence of prejudice. Dkt. 12-5 at 161. The postconviction court reasoned that, to establish prejudice, Petitioner "must demonstrate that a motion for a statement of particulars would have been granted," and that "[b]ecause the granting of a motion for a statement of particulars is discretionary, Defendant cannot show that it would have been granted." *Id.*

"The purpose of a bill of particulars is merely to give the defendant notice of the particular acts relied upon by the state to establish the crime charged, that the defendant may be fully advised of the nature and cause of the accusation against him, and that he may have an opportunity to prepare his defense." *Middleton v. State,* 76 So. 785, 787 (1917). The Florida Rules of Criminal Procedure require an

information to state as accurately as possible the time and place of the commission of the offense charged. Fla. R. Crim. P. 3.140(d)(3). Counsel can move for a statement of particulars if the time and date stated are too indefinite for counsel to prepare a defense. Fla. R. Crim. P. 3.140(n).

But Petitioner does not state with any specificity how counsel's failure to request a statement of particulars prevented him from presenting an alibi defense. He has not, for example, presented the Court with evidence of an alibi defense for the dates at issue that he was unable to advance at trial. *See Enriquez v. Sec'y, Dep't of Corr.*, No. 2:14-CV-85-FTM-38MRM, 2015 WL 4775457, at *13-14 (M.D. Fla. Aug. 13, 2015), *aff'd*, 662 F. App'x 650 (11th Cir. 2016). The victim also apparently testified about some of the incidents at issue in a pre-trial deposition, *see e.g.*, Dkt. 12-3 at 26, 35, which could have provided Defendant notice of the relevant dates, *see Enriquez*, 2015 WL 4775457, at *14; *see also Damron v. Florida*, No. 8:07-cv-2287-T-30TBM, 2009 WL 1514269, at *3 (M.D. Fla. May 29, 2009) (statement of particulars would not have made a difference in preparing a defense where the victim described incidents of sexual battery in a deposition before trial).

The Court finds both that the postconviction court's determination that there was no prejudice was not unreasonable and that there was no deficient performance.

Claim V.    <u>Challenging the Location of an Offending Act</u>

Petitioner complains that on cross-examination of the victim, defense counsel did not inquire into the location where one of the relevant incidents occurred and did not attempt to investigate the location to establish venue. Dkt. 1 at 23-24. Though, according to Petitioner, defense counsel did challenge venue, he did so outside the presence of the jury, and, so Petitioner argues, had counsel challenged venue in the presence of the jury the verdict would have been different. Dkt. 1 at 24-25.

The postconviction court observed that the defense at trial was the State's "rushed and careless investigation." Dkt. 12-5 at 162. Specifically, the responding deputy did not take any photographs of the victim's home, did not go into the victim's bedroom, and did not go to "the other location to take photographs or look at the area." *Id.* The deputy further did not speak with the other children at the home or ask if there were any other adults present that night. *Id.* More relevant to Petitioner's claims, trial counsel argued in closing argument that the State: "didn't go out to the fishing place where this occurred, realize there's a lot of people hanging out here, this is a boat ramp, there's a canoe stand here, there's picnic tables, this is a park. It doesn't make sense. Didn't bother to do any of that." *Id.* at 164. In finding no prejudice, the Court concluded:

> Even though Counsel did not conduct the investigation as
> specifically as [Petitioner] claims she should have, the fact that

> the State did not investigate those very same things was
> presented multiple times to the jury. Furthermore, the
> information that could have been gleaned from the
> investigation, the proximity of picnic tables, a boat ramp
> and the lack of a specific location - was presented to the jury.

*Id.* The Court finds that this determination was not unreasonable, and that

Petitioner fails to show deficient performance. *See Wiggins*, 539 U.S. at 521-22.

Claim VI.    <u>Challenging the Victim's Credibility</u>

Petitioner next argues that trial counsel failed to effectively challenge the

credibility of the victim with the victim's prior inconsistent statements made

during the discovery deposition and his inability to recall details about one of the

incidents. Dkt. 1 at 27. Specifically, according to Petitioner, during the deposition

the victim stated that Petitioner "picked him up by his ankles with two hands, held

him upside down, and was able to then remove his clothing, or, at least expose his

genitals to perform a sex act on him," but at trial the victim stated he was unable to

remember much about it. *Id.* Petitioner reasons that "[a]ny normal person would

reason that if [someone] had actually, truthfully, experienced such a wild event" he

would not forget. *Id.*

The postconviction court began by noting that trial counsel did in fact

attempt to discredit the victim's testimony during closing argument with, among

other things, the very inability to recall details that were testified to in the

deposition. Dkt. 12-5 at 156-57. Counsel even suggested the improbability of the

event. *Id.* at 157. The topic also appears to have been effectively addressed—without spending too much time on a potentially incriminating line of inquiry—on cross-examination. Dkt. 12-3 at 34-35. It is unclear what else Petitioner seeks, or how any additional cross-examination would have affected the result of the proceeding.

The Court finds that the postconviction court's determination was not unreasonable. If the postconviction court's ruling was limited to either the performance or prejudice prong, the Court nonetheless finds that neither is satisfied under de novo review.

Claim VII.   <u>Investigation into Ulterior Motives</u>

Petitioner next argues that trial counsel was ineffective for failing to investigate another potential ulterior motive: Petitioner refused a request from the victim's stepfather for a loan of $1,800. Dkt. 1 at 33. Petitioner suggests that perhaps the victim had "been influenced or [coerced] into making the allegations of sexual misconduct or sexual battery" by the scorned stepfather. Dkt. 1 at 33-34.

The postconviction court found no meritorious *Strickland* claim after an evidentiary hearing on the matter. Dkt. 12-6 at 79. Defense counsel actually did investigate the matter: Counsel testified that they explored the possible motive at the stepfather's deposition but that the stepfather did not seem upset about the money and that they determined it was a "nonissue." *Id.* One of the attorneys

further testified that she believed the better strategy was to proceed with the defense that the victim had fabricated the allegations, to which Petitioner agreed. *Id.* at 80.

This is a matter of trial strategy, and the postconviction court's finding of no deficient performance was not unreasonable. The Court further finds that Petitioner cannot establish prejudice.

Claim VIII.  Incomplete Jury Instructions

Like Claim I, Petitioner raised this ground for the first time in his second motion for postconviction relief. Petitioner claims that:

> the document containing the incomplete jury instruction was included in the record on appeal provided to the petitioner to help him prepare the initial brief of the appeal of his denied 3.850 motion. This document was not included with the record on appeal following the direct appeal. Thus, the incomplete jury instructions could not be discovered until preparing the initial brief of the denial of the first 3.850 motion.

Dkt. 13 at 25. The postconviction court found that this did not constitute good cause for failing to raise the claims in the prior motion. Dkt. 12-8 at 58. The Fifth DCA per curiam affirmed the postconviction court's denial of the motion. Dkt. 12-8 at 94-95. For the reasons discussed in Claim I, Petitioner has defaulted on this claim. He is moreover unable to establish cause and prejudice or that this is a substantial claim.

Petitioner complains that sections of the physical jury instructions provided to the jury during deliberations were crossed out. Dkt. 12-1 at 117-18. This included the following instructions relating to witness credibility:

> Has the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?

> Had any pressure or threat been used against the witness that affected the truth of the witness' testimony?

> Has the witness been convicted of a [felony] [misdemeanor involving [dishonesty][false statement]]?

> Does the witness have a general reputation for [dishonesty] [truthfulness]?

Dkt. 12-1 at 117. The instruction relating to a defendant's decision not to testify was also crossed out. Dkt. 12-1 at 118. The trial court did not read these portions to the jury. Dkt. 12-4 at 116.

Prior to charging the jury, the court discussed these instructions with defense counsel and the prosecution. Dkt. 12-4 at 66. The court removed the instruction about defendant not testifying because Petitioner had testified, Dkt. 12-4 at 11, and the removed credibility instructions were inapplicable. Petitioner's counsel did not object and, in fact, suggested that some of the instructions should be removed. *Id.* at 67.

Even assuming that trial counsel knew the instructions provided to the jury included the crossed-out portions, Petitioner does not establish that such marks somehow inculpated Petitioner or improperly influenced the jury, much less that

trial counsel was deficient for failing to object. Though Petitioner notes that

"witness credibility was the fundamental and only basis for the jury to make a

decision" and that the victim "experienced much difficulty recalling statements he

had made during [his] discovery deposition, even stating during trial, that he was

unable to remember the details as to what he testified earlier during [his]

deposition," Dkt. 1 at 38, the jury both heard and was provided with instructions

relating to a witness's memory and inconsistent statements, Dkt. 12-1 at 117; Dkt.

12-4 at 116. Indeed, none of the removed instructions related to memory.

Petitioner does not establish cause or prejudice, and this is not a substantial

claim.

Claim IX.    A Preliminary Hearing

Petitioner next argues that though the information in his case was not filed

for more than 21 days after his arrest, thus entitling him to an adversarial

preliminary hearing, trial counsel did not request a hearing. Dkt. 1 at 40. A hearing,

Petitioner reasons, would have allowed for the victim's statements "to be recorded

in court proceedings fresh after the initial report and arrest had been made." *Id.*

The postconviction court seemed to analyze Petitioner's claim as one for a

probable cause hearing at a first appearance, not necessarily an adversarial

preliminary hearing. Dkt. 12-5 at 160-61; *compare* Fla. R. Crim. P. 3.133(a) *with*

(b). Yet there would still be no basis for trial counsel to think that the victim would

make statements at any hearing that are either exculpatory to Petitioner or so inconsistent with future trial testimony as to further impeach his credibility. *See Weary v. Cain*, No. CIV.A. 10-1793, 2011 WL 7416509, at *11 (E.D. La. Apr. 21, 2011), *report and recommendation adopted*, 2012 WL 601862 (E.D. La. Feb. 22, 2012), *aff'd*, 587 F. App'x 797 (5th Cir. 2014) (finding no ineffective assistance of counsel for failure to request preliminary hearing that, under state law, provided for cross-examination); *see also Wilson v. Ala. Dep't of Corr.*, No. 2:12-CV-02952-RDP-HG, 2013 WL 3479788, at *4 (N.D. Ala. July 10, 2013).

Again, Petitioner is not entitled habeas relief on such conjecture. The postconviction court's finding of no prejudice was not unreasonable. The Court further finds that counsel was not deficient in not requesting a preliminary hearing. Indeed, there may very well have been strategic reasons for not seeking such an adversarial hearing and, in any event, it was not deficient performance for counsel to find that such a hearing was not beneficial to the defense.

Claim X.     Cumulative Error

Petitioner lastly claims cumulative error, a ground that was presented for the time in the appeal of the first Rule 3.850 motion that was per curiam affirmed. Dkt. 12-7 at 119-20. Even assuming that the claim is itself not defaulted, some of the underlying grounds Petitioner now brings are defaulted, and Petitioner cites no authority for the proposition that a cumulative error claim provides an avenue to

bypass the procedural bar. *See Taylor v. Dunn*, No. CV 14-0439-WS-N, 2018 WL 575670, at \*39 (S.D. Ala. Jan. 25, 2018), *certificate of appealability denied*, No. 18-11523-P, 2018 WL 8058904 (11th Cir. Oct. 5, 2018), *cert. denied*, 2019 WL 1083183 (U.S. May 13, 2019) (citations omitted) ("[The petitioner] may not circumvent the procedural bar by repackaging these improper claims under the heading of 'cumulative error.' If the underlying claims are procedurally barred (which they are), then the cumulative error claim based on those underlying claims likewise fails as a matter of law.").

Furthermore, neither the Supreme Court nor the Eleventh Circuit has explicitly recognized the cumulative error doctrine for ineffective assistance of counsel. *See Collins v. Buss*, No. 3:09CV117/LAC/EMT, 2011 WL 4832536, at \*21 (N.D. Fla. July 18, 2011), *report and recommendation adopted*, 2011 WL 4832534 (N.D. Fla. Oct. 12, 2011), *aff'd*, 507 F. App'x 915 (11th Cir. 2013); *see also Forrest v. Fla. Dep't of Corr.*, 2009 WL 2568185, at \*4 (11th Cir. Aug. 21, 2009). And, in any event, the record before the Court is devoid of error or ineffective assistance of counsel, at least to such a level as to make out a claim. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012). Habeas relief on Petitioner's final claim is unwarranted.

CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Proceedings for the United States District Courts. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citation omitted).

The Court finds that Petitioner does not establish this requirement. The Court decides not to issue a certificate of appealability in the matter.

**CONCLUSION**

The Court DENIES Petitioner's petition with prejudice. Dkt. 1. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on June 28, 2019.


/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se